Melissa A. Higbee, Esq.
State Bar No. 24644
**HIGBEE & ASSOCIATES**
1504 Brookhollow Dr., Suite 112
Santa Ana, CA 92705
(714) 617-8350
(714) 597-6559 facsimile
mclark@higbeeassociates.com

*Attorney for Plaintiff,*
TAMARA WILLIAMS

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| TAMARA WAREKA p/k/a TAMARA WILLIAMS, | Case No. _____ |
| Plaintiff, | **COMPLAINT FOR** |
| v. | **(1) COPYRIGHT INFRINGEMENT** |
| SCALPA, INC.; and DOES 1 through 10 inclusive, | |
| Defendants. | |

Plaintiff Tamara Wareka p/k/a Tamara Williams, for her Complaint against Defendants Scalpa Inc. and DOES 1 through 10 inclusive, alleges as follows:

**JURISDICTION AND VENUE**

1.     This is a civil action seeking damages and injunctive relief for copyright infringement under the Copyright Act of the United States, 17 U.S.C. § 101 *et seq*.

2.     This Court has subject matter jurisdiction over Plaintiff's claims for copyright infringement pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a).

3.     This court has personal jurisdiction over Defendant because Defendant's acts of infringement complained of herein occurred in the state of

Arizona, Defendant's acts of infringement were directed towards the state of Arizona, Defendant caused injury to Plaintiff within the state of Arizona, and Defendant has a physical presence in the state of Arizona.

4.    Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which substantial part of the acts and omissions giving rise to the claim occurred.

## PARTIES

5.    Plaintiff Tamara Williams ("Williams") is an individual and professional photographer.

6.    Defendant Scalpa Inc. ("Scalpa") is an Arizona corporation with a business address of 9446 N Desert Wash Tr., Fountain Hills, AZ 85268.

7.    Plaintiff is unaware of the true names and capacities of the Defendants sued herein as DOES 1 through 10, inclusive, and for that reason, sues such Defendants under such fictitious names. Plaintiff is informed and believes and on that basis alleges that such fictitiously named Defendants are responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages as herein alleged were proximately caused by the conduct of said Defendants. Plaintiff will seek to amend the complaint when the names and capacities of such fictitiously named Defendants are ascertained. As alleged herein, "Defendant" shall mean all named Defendants and all fictitiously named Defendants.

## FACTUAL ALLEGATIONS

8.    Tamara Williams is a highly successful freelance photographer specializing in beauty and fashion photography. Williams is most well-known for her natural and clean model portraiture featured on her highly popular Instagram account @tamarawilliams1, which has amassed over 400,000 followers.

9.    Williams' portfolio includes international clients and her work has been featured in top publications such as *Vogue, Harper's Bazaar, Marie Claire, Elle, L'Officiel, Glamour, Cosmopolitan, Maxim*, and many more. Additionally, her

work has been used commercially by brands such as *NARS, KKW, Fenty*, and *Benefit*.

10. Williams is the sole author and exclusive rights holder to five photographs of female models: one photograph of model Michelle Zwaal ("Zwaal Photograph"), two photographs of model Giuliana Graul (collectively, the "Graul Photographs"), one photograph of Kahara Hodges ("Hodges Photograph"), and one photograph of Jalicia Hebson p/k/a Jalicia Nightengale ("Nightengale Photograph") (Collectively, the "Photographs").

11. Attached hereto as Exhibit A are true and correct copies of the Photographs.

12. Williams registered the Photographs with the United States Copyright Office. The Zwaal Photograph is registered under Registration Number VA 2-116-887. The Graul Photographs are registered under Registration Number VA 2-130-596 and Registration Number VA 2-116-917. The Hodges Photograph is registered under Registration Number VA 2-197-150. The Nightengale Photograph is registered under Registration Number VA 2-130-596.

13. Defendant Scalpa markets training courses to individuals in the beauty services industry. Such courses include training for microblading, microneedling, and permanent make up.

14. Scalpa markets various products and training materials to teach its clients how to perform cosmetic procedures and beauty services for the client's self-use or professional development.

15. Scalpa is the owner and operator of the website https://www.scalpashop.com ("Website").

16. Scalpa advertises its products and services through its Website.

17. Scalpa also maintains a Facebook page, https://www.facebook.com/scalpainternational ("Facebook Page").

18. Williams is informed and believes Scalpa markets its services through

its Facebook Page and other social media platforms in order to attract user traffic and drive customer revenue.

19.    On or about June 6, 2020, Williams discovered her Photographs being used by Scalpa on its Facebook Page to promote its services and portray potential results of what can be achieved with Scalpa's training and use of its products.

20.    Attached hereto as Exhibit B are true and correct screenshots of the use of Williams' Photographs on Scalpa's Facebook Page.

21.    After discovering the use of her Photographs, Williams, through counsel, began communicating with Scalpa.

22.    During the course of communication, Scalpa, through counsel, indicated in a letter that the Photographs were provided to Scalpa by a web designer operating under the name "Good Digital," and that the Photographs were believed to have been provided under an appropriate license ("Opposing Counsel Communication").

23.    Attached hereto as Exhibit C is a true and correct copy of the Opposing Counsel Communication.

24.    Scalpa did not provide Williams with a license between Good Digital and Tamara Williams.

25.    In no event did Williams offer Scalpa nor Good Digital a license to use her Photographs in any manner.

26.    Williams is informed and believes Scalpa created unauthorized copies of the Photographs.

27.    Williams is informed and believes Scalpa uploaded the Photographs to Scalpa's Facebook Page.

28.    Williams has made several attempts to settle this case prior to the filing of this Complaint.

/ / /

/ / /

**FIRST CAUSE OF ACTION**
**COPYRIGHT INFRINGEMENT**
**17 .S.C. § 101 *et seq.***

29.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

30.    Plaintiff did not consent to, authorize, permit, or allow in any manner the said use of Plaintiff's unique and original Photographs.

31.    Plaintiff is informed and believes and thereon alleges that said Defendant willfully infringed upon Plaintiff's copyrighted Photographs in violation of Title 17 of the U.S. Code, because, *inter alia*, the Defendant also knew or should have known that they did not have a legitimate license for the Photographs.

32.    As a result of Defendant's violation of Title 17 of the U.S. Code, Plaintiff is entitled to actual damages and profits pursuant to 17 U.S.C. §504(b), or statutory damages in an amount up to $150,000.00 for each infringement pursuant to 17 U.S.C. § 504(c).

33.    As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C § 505 from Defendant.

34.    Plaintiff is also entitled to injunctive relief to prevent or restrain infringement of her copyright pursuant to 17 U.S.C. § 502.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

5

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for judgment against Defendant as follows:

- For a finding that Defendant infringed Plaintiff's copyright interest in the Photographs by copying, displaying, and distributing it without a license or consent;

- For an award of actual damages and disgorgement of all of profits attributable to the infringement as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant in an amount up to $150,000.00 for each infringement pursuant to 17 U.S.C. § 504(c), whichever is larger;

- For an injunction preventing Defendant from further infringement of all copyrighted works of the Plaintiff pursuant to 17 U.S.C. § 502;

- For costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505;

- For pre judgment interest as permitted by law; and

- For any other relief the Court deems just and proper.

Dated:       February 2, 2022            Respectfully submitted,

**/s/ Melissa Higbee**
State Bar No. 24644
**HIGBEE & ASSOCIATES**
1504 Brookhollow Dr., Suite 112
Santa Ana, CA 92705
(714) 617-8350
(714) 597-6559 facsimile
mclark@higbeeassociates.com
*Attorney for Plaintiff*